IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL L. ANDERSON**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:06-CV-1461-L** |
| | § | |
| **IDEARC MEDIA SERVICES– WEST, INC.** | § | |
| **f/k/a VERIZON DIRECTORIES** | § | |
| **WEST, INC.**,[*] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion for Summary Judgment, filed August 6, 2007; and (2) Defendant's Motion to Strike Plaintiff's Affidavit, filed September 26, 2007. After considering the motions, briefing, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment and **denies** Defendant's Motion to Strike Plaintiff's Affidavit.

### I. Factual and Procedural Background

Plaintiff Michael L. Anderson ("Plaintiff" or "Anderson") filed his Original Complaint on August 14, 2006. Although the complaint is not a model of pellucid draftsmanship, it states that Plaintiff brings claims of breach of contract, race and age discrimination and denial of equal protection pursuant to 42 U.S.C. §§ 1981 and 1983, and defamation against Defendant Idearc Media Services – West, Inc. f/k/a Verizon Directories Services – West, Inc. ("Defendant" or "Verizon"). Defendant moves for summary judgment on Plaintiff's claims. In his response to the motion, Plaintiff clarifies that he is bringing only three claims: "(1) discrimination in violation of 42 U.S.C.

---

[*]**Plaintiff named Defendant as "Verizon Information Service," though Defendant points out that the correct entity is "Idearc Media Services – West, Inc. f/k/a Verizon Directories Services – West, Inc." The clerk of the court is directed to correct the name of Defendant on the docket sheet of this case.**

**Memorandum Opinion and Order – Page 1**

1981, (2) Breach of Contract and (3) Defamation." Pl. Br. 3. Plaintiff has therefore abandoned his age discrimination, denial of equal protection, and section 1983 claims, and the court determines that these claims are no longer before it. Defendant also moves to strike an affidavit by Plaintiff filed with his response to the motion for summary judgment.

Plaintiff was employed by Defendant as a senior accountant in January 1985 and worked for Defendant until his employment was terminated on August 8, 2005. Def. App. 35, 37 (Scaife Decl. ¶¶ 3, 13). In August of 2005, Georgia Scaife, Defendant's Vice-President of Human Resources, was notified that routine monitoring of Defendant's network showed that Plaintiff was using his company computer to access adult-oriented chat rooms and send sexually explicit e-mail messages from his personal e-mail account. *Id.* at 35-36 (Scaife Decl. ¶¶ 2, 9). Jessie R. Vickers, an Investigator in Defendant's Security Office, conducted an investigation of Plaintiff's computer usage. *Id.* at 2-3 (Vickers Decl. ¶¶ 2, 7). His investigation determined that Plaintiff had: participated in internet chat rooms that featured sexually explicit material and vulgar language; sent sexually explicit e-mails to individuals outside the company; used his personal e-mail account to correspond with individuals outside the company; and participated in chat channels that contained sexually explicit topics. *Id.* at 3 (Vickers Decl. ¶ 8). Examples of e-mails and chats were attached to Defendant's motion. *Id.* at 14-33.

Vickers interviewed Anderson on August 1, 2005. *Id.* at 4 (Vickers Decl. ¶ 11). Plaintiff admitted to having sexually explicit chat conversations using his company computer and to using the computer for personal e-mails, including sexually explicit e-mails. *Id.* (Vickers Decl. ¶¶ 12-13). He signed a handwritten statement, which stated that he was "very remorse[ful] concerning my

actions" and that "[i]t was never my intent to ignore or circumvent my responsibilities. My actions were innocent in nature though inappropriate for the work environment." *Id*. at 4, 12.

Defendant's Code of Conduct limits personal use of company computers. *Id*. at 48. Employees are prohibited from using "company systems (such as e-mail, instant messaging, the intranet or internet) to engage in activities that are unlawful, violate company policies, or result in Verizon's liability or embarrassment." *Id*. Defendant also prohibits employees from using "company communications networks or equipment to access personal e-mail service . . . without authorization from [their] supervisor." *Id*.

Scaife met with members of Verizon Information Services' Corrective Action Committee ("VISCAC") to discuss Plaintiff's conduct. *Id*. at 37 (Scaife Decl. ¶ 11). VISCAC determined that Plaintiff should be terminated consistent with its zero tolerance policy regarding the misuse of company equipment. *Id*. (Scaife Decl. ¶ 12). Anderson was terminated on August 8, 2005 "for inappropriately using company equipment to participate in Internet chat rooms that feature sexually explicit material and to send sexually explicit e-mails to recipients outside the company." *Id*. (Scaife Decl. ¶ 13). Anderson appealed the termination of his employment, but the appeal was denied by Scaife on August 24, 2005. *Id*. (Scaife Decl. ¶¶ 14-15).

Plaintiff maintains that his termination was "harsh and unfair" and that it has "adversely affected [his] retirement and income." Anderson Aff. 1. He also states that "[o]ther similarly situated employees at Verizon Information Services have violated similar rules and regulations at Verizon and have not been terminated." *Id*.

## II. Legal Standard for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence

in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

#### A.   Motion to Strike

Defendant has moved to strike Plaintiff's affidavit filed in response to the motion for summary judgment. Defendant argues that certain statements are conclusory, assume facts not in evidence, lack factual support, and are not based upon Plaintiff's personal knowledge. Plaintiff did not respond to Defendant's motion. The court **denies** Defendant's motion and considers the specific objections of Plaintiff's affidavit when considering the evidence before it on each of Plaintiff's claims.

#### B.   Motion for Summary Judgment

##### 1.   Breach of Contract

Defendant argues that Plaintiff's breach of contract claim must be dismissed because he was an at-will employee and he has not identified any contract that Defendant has breached. Plaintiff

responds that he was terminated after twenty years of service, that he had received many promotions, and that he had an implied contract.

Plaintiff states that "Defendant has breached my contract," but provides no other evidence in support of this claim. Anderson Aff. 2. Defendant argues that Plaintiff was always an at-will employee, and that the Code of Conduct provided to employees specifically disclaimed that it was an employment contract. Def. App. 46.

In Texas, a plaintiff must establish the following elements to assert a claim for breach of contract: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.). "Any modification of an employee's at-will employment status must be based on expressed, rather than implied, agreements that are clear and specific." *Brown v. Sabre, Inc.*, 173, S.W.3d 581, 585 (Tex. App. – Fort Worth 2005, no pet.) (citing *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 282, 283 (Tex. 1993)). Generally, employee handbooks and policy manuals do not create implied contracts between the employer and employee, especially when the handbook contains a disclaimer. *Id*. at 585-86.

Plaintiff has provided no evidence of any contract between him and Verizon, and Defendant has shown that the Code of Conduct includes a specific disclaimer that employees remain at-will employees. Accordingly, the court determines that there is no contract, express or implied, that Defendant breached. There is therefore no genuine issue of material fact with regard to Plaintiff's breach of contract claim.

## 2. Race Discrimination

Defendant moves for summary judgment on Anderson's claim for race discrimination brought pursuant to 42 U.S.C. § 1981. Plaintiff's section 1981 claims are analyzed under the same evidentiary standard and same burden-shifting approach as cases brought pursuant to Title VII. *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000); *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

To survive a motion for summary judgment, a plaintiff in a Title VII or section 1981 discrimination case must first establish a *prima facie* case of discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Once this *prima facie* case has been established, there is a presumption of discrimination, and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas*, 411 U.S. at 802-04. If such a showing is made, the burden shifts back to the plaintiff to demonstrate that the articulated reason was merely a pretext for intentional discrimination. *Id.*

The third step of the *McDonnell Douglas* test has been altered by the Supreme Court's decision in *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) (holding that in Title VII cases, the mixed-motive theory of discrimination is available in cases with circumstantial evidence of discrimination). In light of *Desert Palace*, the Fifth Circuit has modified the final step of *McDonnell Douglas*. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). In order to survive summary judgment under the modified *McDonnell Douglas* test, at the final step, a plaintiff must offer sufficient evidence to create a genuine issue of fact that either: (1) a defendant's reason is not

true, but is instead a pretext for discrimination or (2) a defendant's reason, though true, is only one of the reasons for its conduct and that another "motivating factor" is the plaintiff's protected characteristic. *Id.*; *see also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 352 (5th Cir. 2005) (same).

After a Title VII or section 1981 case reaches the pretext stage, the question to be decided for the resolution of a motion for summary judgment is whether a rational factfinder could find that the employer intentionally discriminated against the plaintiff on the basis of race. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). A "plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 539 U.S. 926 (2003). "Pretext-plus" is not required to support an inference of retaliatory discrimination. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," and may therefore be enough to prevent summary judgment or judgment as a matter of law. *See Reeves*, 530 U.S. at 148; *Sandstad*, 309 F.3d at 897. This showing, however, is not always enough to prevent summary judgment "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves*, 530 U.S. at 148. On the other hand, in the context of an unlawful discrimination or retaliation claim, summary judgment is inappropriate "if the evidence taken as a whole (1) creates a fact issue as to whether each of the

employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [race] was a determinative factor in the actions of which plaintiff complains." *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 373 n. 23 (5th Cir.), *reh'g denied*, 232 F.3d 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1113 (2001) (quoting *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996)) (en banc).

### a. *Prima Facie* Case

To establish a *prima facie* case of race discrimination for a discharge, Plaintiff must establish that he (1) is a member of a protected class, (2) was qualified for his position, (3) was subject to an adverse employment action, and (4) was replaced by someone outside of the protected class. *Okoye v. University of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Defendant disputes only the last element and argues that Anderson was replaced by an Asian woman. Def. App. 38 (Scaife Decl. ¶ 16).

While Plaintiff does not respond to this argument, the court determines that the evidence presented by Defendant is enough to meet Plaintiff's burden in demonstrating a *prima facie* case. The evidence shows that Plaintiff was replaced by someone not a member of his protected class.

### b. Legitimate, Nondiscriminatory Reason for Termination

Because Plaintiff has established a *prima facie* case of discrimination with respect to his termination, the burden shifts to Defendant to show a legitimate, nondiscriminatory reason. Defendant argues that Anderson's employment was terminated due to his violation of its Code of Conduct, by using his company computer to send sexually explicit e-mails and to access sexually explicit internet chat sites. Plaintiff admits that he used his personal e-mail at work and that he

visited chat sites using his company computer. Moreover, he offers absolutely no evidence that disputes the investigation by Defendant. Accordingly, the court concludes that Defendant has articulated a legitimate, nondiscriminatory reason to terminate Anderson's employment.

        **c.**        **Pretext or Racial Motivation**

Since Defendant set forth a legitimate, nondiscriminatory reason for Plaintiff's termination, the burden shifts back to Plaintiff, who must show either that: (1) Defendant's proffered reason is not true, but is rather pretext for discrimination or (2) Defendant's reason, though true, is only one of the reasons for its conduct and that another "motivating factor" is the Plaintiff's race. *Rachid*, 376 F.3d at 312.

Plaintiff states in his affidavit that "[o]ther similarly situated employees at Verizon Information Services have violated similar rules and regulations at Verizon and have not been terminated." Anderson Aff. 1. Plaintiff provides no other evidence supporting the claim in his affidavit, does not name any other Verizon employee who allegedly violated the company's Code of Conduct, and is not able to demonstrate that anyone similarly situated was treated differently than he was.

"[T]o establish disparate treatment a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye*, 245 F.3d at 514. The court determines that Plaintiff has failed to meet his burden by providing evidence of any other employee alleged to have engaged in similar behavior who was treated differently than he was. Accordingly, there is no evidence of pretext or that Plaintiff's race

was a "motivating factor" in his termination. There is therefore no genuine issue of material fact with regard to Plaintiff's race discrimination claim.

### 3. Defamation

Defendant also moves for summary judgment on Plaintiff's defamation claim. Verizon argues that any claim is time-barred and that Plaintiff has not even alleged a defamation claim, let alone provided any evidence in support. Plaintiff does not respond to Defendant's motion with respect to his defamation claim

Under Texas law, a plaintiff who alleges defamation must show that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex.1998) (citing *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989)).

The court determines that regardless of whether Plaintiff's claim is time-barred, he has failed to state a claim for defamation because he has not identified a defamatory statement made by Defendant about him. Plaintiff's complaint alleges that Defendant "made false statements about plaintiff." Compl. ¶ 30. In his affidavit filed in response to the motion for summary judgment, Plaintiff also states that Defendant "defamed me." Anderson Aff. 2. This wholly conclusory statement, however, is insufficient, and there is no evidence that Defendant made any statement about Plaintiff, to whom such a statement was made, and how any such statement was false. Accordingly, the court determines that there is no genuine issue of material fact with respect to Plaintiff's defamation claim.

## IV. Conclusion

For the foregoing reasons, the court concludes that Defendant has shown that there is no genuine issue of material fact as to any of Plaintiff's claims. Accordingly, the court **grants** Defendant's Motion for Summary Judgment. The court **dismisses with prejudice** all of Plaintiff's claims against Defendant. The court also **denies** Defendant's Motion to Strike Plaintiff's Affidavit.

**It is so ordered** this 30th day of October, 2007.

Sam A. Lindsay
United States District Judge